IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 23-219 |
| | ) |
| MARK JOSEPH DOBRZYNSKI | ) |

**Opinion and Order**

Mark Joseph Dobrzynski has filed a Motion for Early Termination of Supervised Release. ECF No. 5. The government has filed a Response opposing the Motion, to which Defendant has filed a Reply. ECF Nos. 7, 8. For the reasons explained below, the Motion will be denied.

I.     **Background**

Mr. Dobrzynski was indicted in the Northern District of West Virginia on three counts of Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On June 7, 2021, Mr. Dobrzynski pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine. His guideline sentencing range was 70 to 87 months' imprisonment. On September 20, 2021, the Honorable John Preston Bailey sentenced Mr. Dobrzynski to a below-guidelines term of imprisonment of 31 months, to be followed by 3 years of supervised release. The three-year term of supervised release was required to be imposed as it is the statutory mandatory minimum term.

I.     **Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the

expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a).[1] "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53.[2]

### III.   Discussion

Mr. Dobrzynski argues that early termination of his supervised release is warranted based upon the fact that he is in full compliance with the terms of his supervision, he is fully complaint with his drug and mental health treatment, he has reunited with his family, and he takes care of

---

[1] The factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[2] Even in the absence of new circumstances, Courts have the discretion to terminate supervision early. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

his four grandchildren. Mr. Dobrzynski argues that he no longer needs supervision assistance for rehabilitation purposes, treatment purposes, or educational, vocational, or training programs. Mr. Dobrzynski also argues that he is not a danger to the public, there were no weapons or allegations of violence connected to his case, and he presents a low risk of recidivism due to his rehabilitation and his age (62). His probation officer confirms that Mr. Dobrzynski has been fully compliant with the terms and conditions of supervision, characterizing him as a model supervisee. Finally, the probation officer states that she has no objection to the request for early termination.

In opposing termination of supervised release, the government cites the dangerous nature of Mr. Dobrzynski's drug distribution conviction, his criminal history, and the lack of new or unforeseen circumstances. The government also argues that consideration of the § 3553(a) sentencing factors weigh against early termination. As to Mr. Dobrzynski's success while being supervised, the government argues that such an outcome means that supervision is serving its intended purpose.

The standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). It is to be hoped that all defendants on supervised release successfully comply with the conditions of supervision. Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases.

There is no doubt that Mr. Dobrzynski has been successful while on supervised release for just over two years. Especially notable is his success with drug and mental health treatment.

3

He is also engaging in positive conduct with his family, including serving as caretaker for his four grandchildren.

While laudable, Mr. Dobrzynski's successes are exactly what supervised release contemplates. The Court acknowledges that supervised release presents burdens and barriers for defendants. However, there is no evidence that Mr. Dobrzynski's conditions of supervision are either too harsh or inappropriately tailored to serve general punishment and rehabilitation goals, deterrence, protection of the public, and punishment goals of sentencing, when considering the nature of the offense he committed. Mr. Dobrzynski's compliance with the terms and conditions of his supervision, alone, in this case, is not a sufficient reason to warrant the early termination of the three-year term of supervised release.

Mr. Dobrzynski's offense of conviction is extremely serious: possession with intent to distribute methamphetamine. Significantly, Mr. Dobrzynski pleaded guilty to just one of four counts, while receiving the benefit of the dismissal of three other Counts. As noted, Mr. Dobrzynski was sentenced well-below the 70-month guideline sentence range. The Court also imposed the mandatory minimum term of supervised release of three years. The statutory minimum three-year term of supervised release implies that Congress, when enacting the statute, believed that such a minimum term was sufficient, but not greater than necessary, to meet the goals of sentencing in such cases. Similarly, the three-year term adequately addresses the goals of punishment, rehabilitation, and deterrence for Mr. Dobrzynski.

Mr. Dobrzynski has not identified any hardship that he is suffering due to the terms and conditions of supervision that would warrant termination of supervised release. He is doing well. He has maintained his sobriety. He has reunited with his family and is playing "a pivotal role in the childcare of his grandchildren." Mot. Terminate Sup. Release at 5. Although Mr. Dobrzynski

has done well on supervision, the supports for him, as available through probation office services, will provide him with the best options to secure his continued success. After considering the Motion, Response in Opposition, and the Reply, Mr. Dobrzynski's Motion will be denied. Should the probation officer determine that lower levels of supervision are appropriate for Mr. Dobrzynski, to ensure his successful completion with his supervised release, this Court would not oppose adjustments in his conditions of supervision, as appropriate.

### IV.     Conclusion

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), and considering Mr. Dobrzynski's compliance with the terms of supervision, the Court concludes that the original term of supervision remains an appropriate term of supervised release.

Accordingly, the following Order is hereby entered.

AND NOW, this 13th day of June 2025, it is hereby ORDERED that Mark Dobrzynski's Motion for Early Termination of Supervised Release, ECF No. 5, is DENIED.

_s/*Marilyn J. Horan*_
Marilyn J. Horan
United States District Judge